**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                    No. CR 09-0173 JB

RAUL CONTRERAS-PUENTE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Motion for Downward Departure and Sentencing Memorandum, filed April 6, 2009 (Doc. 15). The Court held a sentencing hearing on April 28, 2009. The primary issues are: (i) whether the Court should grant Defendant Raul Contreras-Puente a downward departure because of the alleged overrepresentation of his criminal history; (ii) whether the Court should grant a downward departure from the advisory guideline sentence because of his family ties and responsibilities; and (iii) whether the Court should vary from the advisory guideline range. Because the Court concludes that Contreras-Puente's criminal history of IV does not overrepresent his criminal history, and that the facts and circumstances of this case do not justify a downward departure because of family ties and responsibilities, the Court will deny the requests for a downward departure. Because the advisory guideline range does not adequately balance the factors in 18 U.S.C. § 3553(a), however, the Court will grant the request for a variance. The Court will vary downward three months from the guideline range and sentence Contreras-Puente to 48 months incarceration.

**PROCEDURAL BACKGROUND**

      On January 26, 2009, Contreras-Puente pled guilty, pursuant to a plea agreement, to illegally

re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b).  See Non-Standard Fast-Track Plea Agreement ¶ 3, at 2  (Doc. 12).  With the plea agreement, which was a Non-Standard Fast-Track Plea Agreement, the Presentence Investigation Report, disclosed as revised on April 15, 2009, departed 1 additional level because of the Fast-Track Program and calculated Contreras-Puente's offense level as 20 and his criminal-history category as IV, yielding a guideline range of 51 to 63 months.  Contreras-Puente now moves for a downward departure and a variance.  The United States opposes any departure or variance.

## ANALYSIS

Neither Contreras-Puente's criminal history nor his family ties and responsibilities are unusual enough to warrant a departure.  His suggested sentence under the guidelines, however, is somewhat excessive.  Accordingly, the Court will vary downward from the bottom of the guideline range, which is 51 months, and impose a sentence of 48 months.

**I.   A CRIMINAL HISTORY CATEGORY OF IV DOES NOT OVERREPRESENT PUENTE'S CRIMINAL HISTORY.**

Contreras-Puente argues that a criminal history category of III more accurately represents his criminal history, because his criminal history points are the result of 2 points for a misdemeanor conviction and 5 points for a felony conviction -- 3 points for the felony itself and 2 points for re-entering the United States within two years of being released from prison.  Downward departures for overrepresenation of criminal history are appropriate if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(b)(1).  Contreras-Puente's felony conviction is for a violent attempted robbery.  And while the 2 points assessed for re-entry within 2 years of release from prison might strike Contreras-Puente as excessive, those

additional points reflect a valid concern that someone who illegally returns to the United States shortly after being released is at a greater risk for recidivism. If the Court departed downward merely because of that assessment, that provision would have no effect. The Court does not believe that Contreras-Puente has met the burden of showing that his criminal history substantially overrepresents his criminal history or the likelihood he will commit future crimes.

**II.  THE COURT DOES NOT BELIEVE CONTRERAS-PUENTES' FAMILY TIES AND RESPONSIBILITIES WARRANT A DOWNWARD DEPARTURE.**

Contreras-Puente acknowledges that family ties and responsibilities are ordinarily not grounds for departure, see U.S.S.G. § 5H1.6, but contends that he falls within the category of those whose circumstances are exceptional enough to warrant departure. While Contreras-Puente's separation from his family is unfortunate, it is not, contrary to his argument, unusual in re-entry cases. His situation falls within the heartland of such cases and is not sufficiently exceptional to justify a downward departure.

**III.  THE COURT WILL VARY FROM THE GUIDELINE RANGE.**

While the Court does not see sound reasons to depart, the Court will vary from the guideline sentence. Though not sufficient to serve as a basis for a departure, the Court is concerned about Contreras-Puente's accumulation of 7 criminal history points -- which is just enough to place him in criminal history category IV -- from a single felony and a single misdemeanor. Without minimizing the seriousness of those offenses, particularly the felony, which was a violent crime, the Court believes that taken as a whole, Contreras-Puente is not similarly situated to most defendants with category IV criminal histories. The Court is concerned about the way the guidelines ratchet up, in a number of ways, his criminal history. A sentence of fifty plus months seems high for someone with his criminal history. On the other hand, Contreras-Puente's offenses were serious and

the Court believes that, to impose a sentence that accurately balances the factors in 18 U.S.C. § 3553(a), only some variance is appropriate. To vary as much as five months, to 46 months, puts him the guideline range for someone with a criminal history of II, which seems too low and inconsistent with what Congress wants for defendants with similar criminal behavior, and would undercut a number of the § 3553(a) factors. The Court will thus vary downward 3 months and sentence Contreras-Puente to 48-months incarceration.

**IT IS ORDERED** that the requests for downward departures in the Defendant's Motion for Downward Departure and Sentencing Memorandum are denied, and the request for a variance is granted. The Court sentences Defendant Raul Contreras-Puente to 48-months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Margaret Katze
  Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*